**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 16 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AXIS SURPLUS INSURANCE CO., | No. 08-36055 |
| Plaintiff - Appellee, | D.C. No. 3:07-cv-00292-MO |
| v. | |
| LEBANON HARDBOARD, LLC, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted February 4, 2010[**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Defendant-appellant Lebanon Hardboard, LLC ("Lebanon") appeals

from the district court's grant of partial summary judgment holding that a partially-

deconstructed Former Production Building ("FPB") did not qualify as "Business

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Personal Property" under Lebanon's insurance policy with plaintiff-appellant Axis Surplus Insurance Co. ("AXIS"). Lebanon also challenges the amount of the attorney fees it was awarded by the district court. We affirm in all respects.

We review de novo the district court's ruling granting summary judgment. *Wedges/Ledges of Cal. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994). Under Oregon law, the terms of the insurance contract between AXIS and Lebanon control whether there was coverage for the FPB at the time of the fire. *See* OR. REV. STAT. § 742.016(1). This is a question of law in which our goal is to ascertain the parties' intent based on the terms of the policy. *Hoffman Constr. Co. v. Fred S. James & Co.*, 836 P.2d 703, 706 (Or. 1992). An insurance policy is to be construed as a whole and, insofar as possible, is to be interpreted so as to give meaning to all its terms. *See id.* at 707.

The policy here describes two types of "Covered Property": (1) "Building[s]," as described in the declarations, and (2) "Business Personal Property," of specified types, located in or near the covered "Buildings." Absent evidence to the contrary, "[t]he terms of a writing are presumed to have been used in their primary and general acceptation." OR. REV. STAT. § 42.250; *see Purcell v. Wash. Fidelity Nat'l Ins. Co.*, 30 P.2d 742, 746 (Or. 1934). The FPB, which was formerly insured as a building and had not been fully deconstructed at the time of

the fire, still qualified as a "building" as that term is generally used. Even though the FPB had no running water, holes in the walls, and a largely-deconstructed roof, the FPB still had a frame, four walls, part of a roof, and other features that would lead a lay observer to deem it a "Building" and not "Business Personal Property." Moreover, the insurance contract explicitly includes "[a]dditions under construction, alterations and repairs to the building or structure[,]" and "[m]aterials, equipment, supplies, and temporary structures . . . used for making additions, alterations or repairs to the building or structure" within "Building," rather than "Business Personal Property," coverage. If Lebanon wished to insure the FPB during its deconstruction, it should not have removed the FPB from its declarations as a "Building."[1]

Oregon law required the district court to award Lebanon "a reasonable amount . . . as attorney fees," OR. REV. STAT. § 742.061(1). In determining what constituted "a reasonable amount," the district court was required to consider sixteen statutory factors. OR. REV. STAT. § 20.075(2); *see id.* § 20.075(1)(a)-(h) and (2)(a)-(h) (listing the sixteen factors). These factors included "[t]he objective

---

[1] Lebanon also argues that even if the FPB were a "building," it would still constitute "business personal property" because a constructive severance occurred. We reject this argument, as Lebanon simply gave AXIS notice of its own intention to treat the FPB as business personal property; the two parties had no agreement to this effect. *See Pepin v. City of North Bend*, 198 F. Supp. 644 (D. Or. 1961).

reasonableness of the claims and defenses asserted by the parties," *id.* § 20.075(1)(b), "[t]he time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services," *id.* § 20.075(2)(a), and "[t]he amount involved in the controversy and the results obtained," *id.* § 20.075(2)(d).

The district court carefully weighed each statutory factor before ultimately awarding $97,645.00 in fees and $982.57 in related nontaxable expenses to Lebanon. As the district court correctly recognized, Lebanon's claims were somewhat weak, *see id.* § 20.075(1)(b), the legal issue in this proceeding—a rather straightforward insurance dispute—was not particularly novel or difficult, *see id.* § 20.075(2)(a), and Lebanon's attorneys secured only an $8,500 judgment, despite seeking between $100,000 and $200,000, *see id.* § 20.075(2)(d). There is simply no merit to Lebanon's contention that the district court abused its discretion in awarding Lebanon "only" $97,645.00 in attorney fees.

**AFFIRMED.**